DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2019-15 |
| | ) | |
| JOHN JACKSON | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Donna Rainwater, AUSA**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Richard Coughlin, Federal Public Defender**
**Kia Danielle Sears, AFPD**
**Melanie Lark Turnbull, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
   *For John Jackson.*

## ORDER

**GÓMEZ, J.**

Before the Court is the application of John Jackson ("Jackson") to waive his speedy trial. Jackson also moves to continue the trial in this matter. For the reasons stated herein, the time to try this case is extended up to and including April 13, 2020.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically

finds that extending this period would be in the best interest of justice. First, an extension of time is necessary to allow Jackson time to review the discovery and investigate the charges in this matter. Second, without an extension, Jackson would be denied reasonable time necessary to explore plea options and prepare for trial. Third, Jackson made his request with the advice and consent of counsel.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate

*United States v. Jackson*
Criminal No. 2019-15
Order
Page 3

preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through April 13, 2020, shall be excluded in computing the time within which the trial for John Jackson must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Jackson's motion to continue, ECF No. 88, is **GRANTED**; and it is further

**ORDERED** that the jury trial in this matter previously scheduled for January 6, 2020, is hereby **RESCHEDULED** to commence promptly at 9:00 A.M. on April 13, 2020, in Saint Thomas Courtroom 1 before District Judge Curtis V. Gomez.

S\_____
    **Curtis V. Gómez**
    **District Judge**