DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0015 |
| ) | |
| **JOHN JACKSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is Defendant John Jackson's motion to continue the trial in this matter, currently scheduled for April 5, 2021. (ECF No. 116.) For the reasons stated herein, the Court will grant Jackson's motion. Further, the time to try this case is extended up to and including July 19, 2021.

This case commenced on February 25, 2019, with the filing of a criminal complaint against John Jackson ("Jackson"). Thereafter, several charging documents were filed, the most recent, and operative, charging document being the second superseding indictment returned by a federal grand jury on June 6, 2019. (ECF No. 34.) The second superseding indictment charges Jackson with two counts of production of child pornography in violation of 18 U.S.C. § 2251(a), three counts of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a), one count of first degree rape in violation of 14 V.I.C. § 1701, and five counts of aggravated second degree rape in violation of 14 V.I.C. § 1700a(a).

Prior to the emergence of the COVID-19 pandemic in early 2020, the Court continued the trial in this matter three times on Jackson's request. Additionally, the Court has found it necessary to continue the trial in this matter several times in light of the COVID-19 pandemic in order to protect the well-being of Jackson, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large. On January 21, 2021, in this Court's most

recent order finding that the ends of justice required continuing the jury trial in this matter, the Court scheduled the trial to commence on April 5, 2021.

On March 17, 2021, Jackson filed a motion to continue the trial date. In his motion, Jackson asserts that his ability to prepare for trial has been severely restricted due to the COVID-19 pandemic. Jackson has been detained in the Metropolitan Detention Center in Guaynabo, Puerto Rico, ("MDC Guaynabo") since the inception of this case. Jackson asserts that, until recently, the Office of the Federal Public Defender, which represents him in this matter, had imposed travel restrictions which had prevented his counsel from meeting with him in-person to prepare for trial. As such, given the seriousness of the pending charges, Jackson requests a continuance of the trial date to July 2021 in order to properly prepare for trial in consultation with his counsel.

On March 18, 2021, the United States filed an opposition to Jackson's motion to continue. The United States argues that the circumstances do not warrant a continuance of the trial date because Jackson has had sufficient time to prepare for trial in consultation with his counsel. Further, the United States argues that victims have a "right to proceedings free from unreasonable delay." *See* 18 U.S.C. § 3771(a)(7).

The Court is mindful of crime victims' "right to proceedings free from *unreasonable* delay." 18 U.S.C. § 3771(a)(7) (emphasis added). Nevertheless, "insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). The COVID-19 pandemic has presented extraordinary difficulties to effective preparation for criminal jury trials. Indeed, in order to prevent the spread of COVID-19, there have been widespread travel restrictions in general and significantly, at times, suspension of legal visitation at Bureau of Prisons facilities, including MDC Guaynabo.[1] Given these circumstances, the Court finds that Jackson's request for a continuance is justified. Moreover, while the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Indeed, without an extension,

---

[1] *See, e.g.,* Federal Bureau of Prisons, Federal Bureau of Prisons COVID-19 Action Plan, March 13, 2020, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last visited Mar. 19, 2021) (explaining that "in general, legal visits will be suspended for 30 days" nationwide).

Jackson would be denied the reasonable time necessary to properly prepare for trial in consultation with his counsel.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered, it is hereby

**ORDERED** that Jackson's motion to continue the trial in this matter, ECF No. 116, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through July 19, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the trial in this matter previously scheduled for April 5, 2021, is **RESCHEDULED** to commence promptly at 9:30 A.M. on July 19, 2021, in St. Thomas Courtroom 1 before District Judge Robert A. Molloy; it is further

**ORDERED** that the deadlines set by the Court's January 21, 2021 Order are extended as follows: (1) the deadline for the parties to file their pretrial brief is extended to July 12,

*United States v. Jackson*
Case No. 3:19-cr-0015
Order
Page 4 of 4

2021, and (2) the deadline for the parties to provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits is extended to July 14, 2021.

**Dated:** March 19, 2021                    /s/ *Robert A. Molloy*
                                             **ROBERT A. MOLLOY**
                                             **District Judge**