### DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0015 |
| ) | |
| **JOHN JACKSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

**BEFORE THE COURT** is John Jackson's motion to continue the trial in this matter. (ECF No. 132.) For the reasons stated on the record at the July 19, 2021 motion hearing, the Court will grant Jackson's motion. Additionally, for the reasons stated herein, the time to try this case is extended up to and including the new trial date to be set at an August 13, 2021 status conference in this matter.

On July 19, 2021, Jackson filed a motion to continue the trial date. (ECF No. 132.) As a basis for his request, Jackson asserts that he wishes to hire an attorney "to get important evidence that I need to fight my case." Mot. to Continue at 1, ECF No. 132. On the same day, the Court held an *ex parte* hearing during which Jackson explained the basis for his request. As stated on the record at the July 19, 2021 motion hearing, the Court found that Jackson's desire to seek certain evidence constituted good cause to warrant a continuance for him to hire a new attorney.[1] *See, e.g., United States v. Welty*, 674 F.2d 185, 188 (3d Cir. 1982) ("[I]n order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with his attorney[.]").

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow Jackson time to obtain

---

[1] The Court also found that the motions Jackson complained that his counsel did not file would have been futile. As such, those particular complaints did not constitute good cause to warrant a continuance.

evidence. Additionally, without an extension, Jackson would be denied reasonable time necessary to properly prepare for trial in consultation with his newly retained counsel.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered, it is hereby

**ORDERED** that Jackson's motion to continue, ECF No. 132, is **GRANTED**; it is further

**ORDERED** that the Federal Public Defender is hereby **RELIEVED** as Jackson's appointed counsel; it is further

**ORDERED** that Jackson's retained counsel shall enter an appearance by no later than August 6, 2021; it is further

**ORDERED** that a status conference in this matter is hereby **SCHEDULED** to commence promptly at 10:00 A.M. on August 13, 2021, in St. Thomas Courtroom 1 before Chief Judge Robert A. Molloy; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through the new trial date—to be set at the August 13, 2021 status conference in this

*United States v. Jackson*
Case No. 3:19-cr-0015
Order
Page 3 of 3

matter—shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

    **ORDERED** that Jackson's motion for a hearing, ECF No. 129, is **MOOT**; and it is further

    **ORDERED** that the Clerk of Court shall send this order to John Jackson by certified mail return receipt requested and file the return receipt on the docket in this matter.


**Dated:** July 20, 2021                        */s/ Robert A. Molloy*
                                                                  **ROBERT A. MOLLOY**
                                                                  **Chief Judge**