# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0015 |
| ) | |
| **JOHN JACKSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** are two motions filed by Defendant John Jackson ("Jackson") *pro se,* (ECF Nos. 148, 149), and a motion by the United States to strike those motions from the record. (ECF No. 150.) For the reasons stated herein, the Court will grant the motion to strike and will strike the *pro se* motions from the record.

### I.   BACKGROUND

On February 23, 2019, Jackson was charged with various offenses in violation of 18 U.S.C. § 2251(a). (ECF No. 1.)[1] An arrest warrant was carried out pursuant to the criminal complaint also on February 23, 2019. (ECF No. 6.)

At the outset of the proceedings, Jackson was represented by Attorney Carl R. Williams. (ECF No. 4.) On July 3, 2019, Attorney Williams filed a motion to withdraw, citing an "unreasonable financial burden" were he to continue representing Jackson. *Id.* at 1. Thereafter, on July 10, 2019, the magistrate judge relieved Attorney Williams as retained counsel and appointed the Office of the Federal Public Defender to represent Jackson. (ECF No. 44.) On that same day, attorneys from the Office of the Federal Public Defender filed Notices of Appearance on behalf of Jackson. (ECF Nos. 45 and 46.)

After several continuances – primarily attributed to the COVID-19 pandemic – the Court, on March 19, 2021, set this matter for jury selection and trial for Monday, July 19, 2021. (ECF No. 119.) On the day of trial, Jackson submitted a letter to the Court expressing

---

[1] The Government later filed an Indictment (ECF No. 22), Superseding Indictment (ECF No. 27), and a Second Superseding Indictment (ECF No. 34) on April 18, 2019, May 23, 2019, and June 6, 2019, respectively.

displeasure with his current counsel and requesting a continuance so that he could hire his own private attorney. (ECF No. 132.) After discussing the matter *ex parte* with Jackson and his then current counsel, the Court determined that there was a breakdown in the attorney-client relationship warranting relieving the Office of the Federal Public Defender from further representing Jackson. The Court continued the trial and directed Jackson to obtain private counsel who would be required to enter an appearance by no later than August 6, 2021. (ECF No. 134).

On August 6, 2021, Attorney Yohana M. Manning filed a Notice of Appearance on behalf of Jackson. (ECF No. 139). Thereafter, on December 23, 2021, Jackson filed two *pro se* motions: the first seeking de novo review of his bail release conditions; and the second seeking a return of certain personal property seized by law enforcement officials during the execution of a search warrant. (ECF Nos. 148, 149.) There is no indication that Attorney Manning signed either of these two motions or that Jackson consulted with Attorney Manning prior to their respective filings. Attorney Manning remains the attorney of record for Jackson.

On January 6, 2022, the Government filed a motion to strike Jackson's two *pro se* motions because Jackson was not permitted to have "hybrid" representation and that "any matters [Jackson] wants to raise to the Court should be filed by his attorney of record." (ECF No. 150 at 2.)

## II.     DISCUSSION

It is well-established that a criminal defendant has a constitutional right to self-representation. *Faretta v. California*, 422 U.S. 806, 819 (1975). A criminal defendant represented by counsel, however, does not have a constitutional right "to proceed simultaneously by counsel and *pro se* . . ." *United States v. D'Amario*, 268 Fed. App'x 179, 180 (3d Cir. 2008) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984)). This Court has discretion to allow a defendant to proceed with a "hybrid" representation. *United States v. Bankoff*, 613 F.3d 358, 373-74 (3d Cir. 2010).

Here, Jackson retained Attorney Manning to represent him in this matter. In fact, on the day of jury selection and trial, Jackson specifically requested that he be allowed to retain

*United States v. Jackson*
Case No. 3:19-cr-0015
Order
Page **3** of **3**

his own counsel and to relieve the Office of the Federal Public Defender from representing him. The Court granted that request. Thereafter, Attorney Manning entered an appearance on Jackson's behalf. Jackson has not provided any explanation as to why he filed the motions *pro se*. Moreover, Jackson has not specifically requested to proceed with a "hybrid" representation. Accordingly, the Court is without any information to properly consider the merits of allowing Jackson to proceed with representing himself while also having retained counsel. Thus, because Jackson is currently represented by counsel and has not requested to proceed with a "hybrid" representation, the Court will grant the Government's motion and will strike Jackson's *pro se* filings from the record.

The premises considered, it is hereby

**ORDERED** that the United States' Motion to Strike, ECF No. 150, is **GRANTED**; and it is further

**ORDERED** that Jackson's *pro se* motions, filed at ECF Nos. 148 and 149, are **DENIED** without prejudice and **STRICKEN** from the record.

**Dated:** January 20, 2022                    /s/  *Robert A. Molloy*
                                               **ROBERT A. MOLLOY**
                                               **Chief Judge**